### KNIGHT v. SHERWOOD.

#### (Supreme Court, Appellate Term. December 12, 1907.)

APPEAL—REVERSAL—ORDERING NEW TRIAL—MATTERS NOT LITIGATED.

Where, in an action involving the question whether certain unpaid tax assessments were incumbrances on property conveyed by defendant with covenant against incumbrances, a certificate of sale for such assessments, introduced as evidence that the property was sold therefor within 20 years after the assessments became due, did not show on its face that the property described therein was the property affected by the covenants, and such question was not litigated on the trial, judgment for plaintiff will be reversed.

Appeal from City Court of New York, Trial Term.

Action by Margaret Knight against William Sherwood, for breach of covenant against incumbrances. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Dulon & Roe, for appellant.
Saul S. Myers, for respondent.

BRUCE, J. The defendant, by deed dated May 5, 1905, conveyed to the plaintiff a lot of land on the north side of 122d street, in this city, distant 261 feet 3 inches west of Second avenue. He covenanted that the premises were free and clear of incumbrances, excepting two mortgages. It is conceded that, at the time title passed, there were two unpaid assessments upon the property, one of which was levied and confirmed March 28, 1838, and the other December 16, 1838. On July 15, 1906, the plaintiff paid these assessments, amounting, with interest, to $320.58. The defendant contends that these assessments ceased to be a lien upon the premises in 1858, 20 years after they were levied. The plaintiff vigorously opposes this proposition, but maintains that, even if this were sound, it is not applicable here, since the evidence establishes that the premises were sold at a corporation sale in 1856 for these assessments, 2 years prior to the lapse of the 20 years.

At the close of the evidence, the jury was withdrawn, and the case submitted to the court. The court found that the premises were sold

in 1856 for these unpaid assessments, and, in the last finding of fact, states that all the facts found were admitted by the defendant in open court. The defendant excepted to the court's finding that all the facts were admitted by him in open court, and also to the finding that the premises were sold for assessments in 1856.

We are unable to find in the record any admission of this sale. The plaintiff introduced in evidence a certificate issued by the Bureau for the Collection of Assessments and Arrears of Taxes and Assessments and Water Rents to establish the fact that the premises were sold on June 13, 1856, and this certificate was received without objection. The court undoubtedly assumed that it was conceded by the defendant that the premises described in the certificate were the premises in question.

The defendant now contends, however, that it does not appear upon the face of the certificate that the property described in the certificate is the property described in the complaint. As this question was not litigated upon the trial, and is decisive of the case, we are of the opinion that a new trial should be had, in order that all the facts with reference to this sale may be laid before the court.

Judgment reversed, and new trial ordered, with costs to abide the event. All concur.